IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIBERIUS MAYS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-597-DRH-RJD |
| VIPIN SHAH, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Leave to Amend Complaint (Doc. 45) filed by Plaintiff. Defendants failed to timely file a response. Plaintiff Tiberius Mays is an inmate in the custody of the Illinois Department of Corrections at Graham Correctional Center. On March 22, 2018, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. On May 25, 2018, the Court issued an Order (Doc. 9) severing a number of Plaintiff's original claims into separate actions. Counts 8, 9, and 10, which arose at Robinson Correctional Center ("Robinson") were severed into this action.

**Count 8:** Eighth Amendment deliberate indifference claim against Shah, Ritz, and Martin for denying and delaying treatment for Plaintiff's nasal condition at Robinson during 2017;

**Count 9:** Eighth Amendment deliberate indifference claim against Martin, Erickson, Walton, Wampler, Rains, Neese, Lehr, Phoenix, McCarty, and Anderson for failing to intervene to ensure that Plaintiff would be given adequate medical treatment at Robinson;

**Count 10:** First Amendment retaliation claim against Shah, for prematurely terminating Plaintiff's post-surgery medication and nasal rinses in January 2018 because Plaintiff filed grievances against Shah.

The Court conducted a preliminary review of the claims pursuant to 28 U.S.C. § 1915A and in Count 8, Defendant Martin was dismissed without prejudice. Count 9 was dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted. Plaintiff filed a Motion to Amend/Correct the screening order which was granted in part and denied in part. Judge Herndon entered an Order (Doc. 20) reinstating Count 9 against Defendants Martin and Erickson. Plaintiff is proceeding in this case on the following counts:

**Count 8:** Eighth Amendment deliberate indifference claim against Shah and Ritz for denying and delaying treatment for Plaintiff's nasal condition at Robinson during 2017;

**Count 9:** Eighth Amendment deliberate indifference claim against Martin and Erickson, for failing to intervene to ensure that Plaintiff would be given adequate medical treatment at Robinson;

**Count 10:** First Amendment retaliation claim against Shah, for prematurely terminating Plaintiff's post-surgery medication and nasal rinses in January 2018 because Plaintiff filed grievances against Shah.

Plaintiff seeks to amend his Complaint to reinstate Count 9 against Defendants Walton, Wampler, Rains, Neese, Lehr, Phoenix, McCarty, and Anderson and to add a claim of deliberate indifference against Wexford Health Sources, Inc. for implementing customs and policies that deprived Plaintiff of adequate medical care in violation of the Eighth Amendment.

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility*

*LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Plaintiff's claims in Count 9 against Martin, Erickson, Walton, Wampler, Rains, Neese, Lehr, Phoenix, McCarty, and Anderson all arise from these individuals' handling of Plaintiff's grievances. The grievances were filed by Plaintiff to complain about what he considered improper or inadequate medical treatment by Dr. Shah.

The Court thoroughly reviewed Plaintiff's allegations regarding the grievances filed and his failure to intervene claim in both the screening Order (Doc. 9) and the Order (Doc. 20) on the motion to alter or amend. As set forth in the previous orders, an administrative official who reviews an inmate's grievances over the alleged misconduct of another person is not "personally responsible" for the complained-of conduct, and does not incur liability in a civil rights case for denying the grievance. The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Similarly, a supervisor cannot be held liable for misconduct on the part of a subordinate employee, merely by virtue of his or her supervisory authority. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

On the other hand, a defendant may have sufficient personal responsibility for another official's misconduct "'if the conduct causing the constitutional deprivation occurs at [the defendant's] direction or with his knowledge and consent.'" *Wilson v. Warren County, Ill.*, 830 F.3d 464, 469 (7th Cir. 2016) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). *See also Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with

deliberate indifference claim against non-medical prison officials who failed to intervene despite their knowledge of his serious medical condition and inadequate medical care, as explained in his "coherent and highly detailed grievances and other correspondences").

Plaintiff does not assert that Defendants Walton, Wampler, Rains, Neese, Lehr, Phoenix, McCarty, or Anderson were directly involved in providing him with medical care or making decisions about his treatment. Plaintiff alleges in his proposed Amended Complaint that he wrote "highly detailed, coherent" grievances sufficient to provide actual knowledge to the non-medical prison officials that Shah was violating his Eighth Amendment rights.

The Amended Complaint does not demonstrate that the content of Plaintiff's grievances against Shah was sufficient to place Defendants Walton, Wampler, Rains, and Neese on notice that Shah's treatment rose to the level of an Eighth Amendment violation. These Defendants had nothing to do with providing medical treatment for Plaintiff, and cannot be faulted for "failing to intervene" in Shah's handling of Plaintiff's medical care, based on their role of reviewing Plaintiff's correspondence and grievances.

The remaining claims in Count 9 are against Administrative Review Board members Lehr, Phoenix, McCarty, and Anderson. These Defendants provided a final level of review of Plaintiff's grievances after they were denied by Robinson officials. As with the Robinson Defendants, Lehr, Phoenix, McCarty, and Anderson were not personally involved in providing medical care to Plaintiff. Under the authority discussed above, these Defendants merely reviewed grievances, and therefore did not have any personal responsibility for the alleged misconduct of Shah, or any other individual whose conduct triggered Plaintiff's grievances. *See, e.g., Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim").

For the reasons stated above, the deliberate indifference claim in **Count 9** against Walton, Wampler, Rains, Neese, Lehr, Phoenix, McCarty, and Anderson shall not be reinstated.

Plaintiff will, however, be allowed to amend his Complaint to add a claim of deliberate indifference against Defendant Wexford Health Source, Inc. Plaintiff alleges Wexford Health Sources, Inc. violated his constitutional rights by promoting customs and policies that encouraged Wexford doctors to save money. Plaintiff alleges Wexford doctors denied outside consultations, delayed surgery, and refused medications and equipment because of cost considerations.

For the sake of clarity, the Court will re-number the claims Plaintiff is proceeding on as follows:

**Count 1:** Eighth Amendment deliberate indifference claim against Shah and Ritz for denying and delaying treatment for Plaintiff's nasal condition at Robinson during 2017;

**Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for implementing policies and procedures that resulted in Plaintiff being denied necessary medical care;

**Count 3:** Eighth Amendment deliberate indifference claim against Martin and Erickson for failing to intervene to ensure that Plaintiff would be given adequate medical treatment at Robinson;

**Count 4:** First Amendment retaliation claim against Shah, for prematurely terminating Plaintiff's post-surgery medication and nasal rinses in January 2018 because Plaintiff filed grievances against Shah.

Based on the foregoing, Plaintiff's Motion for Leave to Amend Complaint (Doc. 45) is **GRANTED IN PART and DENIED IN PART**. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed complaint as the First Amended Complaint. The Amended Complaint shall be filed only with respect to defendants Shah, Ritz, Wexford, Martin, and Erickson.

The Clerk of Court shall prepare for Defendant Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and a copy of this Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED:   October 17, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**