044045/19344/TPD/AJM

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| TIBERIUS MAYS, #N92625,<br><br>Plaintiff,<br><br>v.<br><br>VIPIN SHAH, DR. RITZ, PHILLIP MARTIN, and RYAN ERICKSON,<br><br>Defendants. | Case Number 3:18-cv-00597-NJR-RJD<br><br>Judge Nancy J. Rosenstengel |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

COME NOW Defendants, VIPIN SHAH, M.D. STEPHEN RITZ, D.O., and WEXFORD HEALTH SOURCES, INC., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Response to Plaintiff's Motion to Compel [Doc. 83], state as follows:

1. On May 28, 2019, the undersigned received Plaintiff's Interrogatories directed to Defendants Dr. Shah and Dr. Ritz. The Interrogatories were dated May 22, 2019.

2. On June 21, 2019, Defendants Dr. Shah and Dr. Ritz sent their verified Responses to Plaintiff's Interrogatories.

3. On July 3, 2019, the undersigned received a letter from Plaintiff dated June 27, 2019 regarding "inadequate" responses to Plaintiff's Interrogatories directed to Defendants Dr. Shah and Dr. Ritz.

4. On July 8, 2019, Plaintiff filed his Motion to Compel dated July 1, 2019. [Doc. 83]

5. In his Motion to Compel, Plaintiff states that he "certified attempt with defendants by phone and letter to receive interrogatory answers that were withheld." [Doc. 83, p. 3] As discussed *supra*, Plaintiff wrote his Motion to Compel four days after writing his letter to

Defendants. Therefore, he did not, in good faith, give Defendants adequate time to respond to his letter. The undersigned has no record of receiving any telephone calls from Plaintiff.

6. Plaintiff failed to attach copies of Defendants' Interrogatory Responses or his letter to Defendants to his Motion to Compel. [*See* Doc. 83]

7. In multiple instances, Plaintiff inaccurately transcribed the Interrogatories he sent to Defendants Dr. Shah and Dr. Ritz.

**Interrogatories Directed to Defendant Dr. Shah**

1. In his Response to Plaintiff's Interrogatories, Defendant Dr. Shah objected that Plaintiff seeks personal and private information that if disclosed could present safety and security concerns given the nature of the case. Additionally, information regarding Defendant Dr. Shah's date of birth and marital status is not relevant to any party's claims or defenses. Fed. R. Civ. P. 26(b)(1); FRE 401-404.

2. In his Response to Plaintiff's Interrogatories, Defendant Dr. Shah objected that Plaintiff seeks personal and private information that if disclosed could present safety and security concerns given the nature of the case. Subject to and without waiving the objection, Defendant Dr. Shah responded that he has been employed as the Medical Director at Robinson Correctional Center from January 5, 2016 to present. Defendant Dr. Shah's employment history from 1999 to January 4, 2016 is not relevant to any party's claims or defenses. Fed. R. Civ. P. 26(b)(1); FRE 401-404.

3. Plaintiff did not accurately transcribe Interrogatory #3 directed to Defendant Dr. Shah in his Motion to Compel [Doc. 83]. In Plaintiff's Interrogatory #3 to Defendant Dr. Shah, he asked Defendant Dr. Shah the following:

"Please descrobe [sic] the following regarding your employment within the Illinois

department of Corrections, hereafter IDOC.

a. Current employment status with the IDOC

b. Length of employment, and

c. Provide the title and duties for each position, dates and timeframe each positions was held for last 20 years."

In his Response to Plaintiff's Interrogatories, Defendant Dr. Shah stated that he is not currently, and has never been, employed by the Illinois Department of Corrections. In Plaintiff's letter to Defendants, he wrote that he "forgot to add" Wexford Health Sources, Inc. to this question in his Interrogatories to Defendant Dr. Shah. As discovery closed on July 5, 2019, it is improper for Plaintiff to alter this question to Defendant Dr. Shah. Defendant Dr. Shah answered Plaintiff's question as written.

5. In his Response to Plaintiff's Interrogatories, Defendant Dr. Shah objected to this Interrogatory as overly broad, unduly burdensome, not appropriately limited in scope and time, irrelevant, risks confusing the jury, and prejudicial to the Defendant. Fed. R. Civ. P. 26(b), 33; FRE 401-404. Subject to and without waiving said objections, Defendant Dr. Shah responded that he has been named in lawsuits filed by Illinois Department of Corrections inmates alleging deliberate indifference.

12. In his Response to Plaintiff's Interrogatories, Defendant Dr. Shah objected to this Interrogatory as overly broad, unduly burdensome, not appropriately limited in scope and time, irrelevant, risks confusing the jury, and prejudicial to the Defendant. Fed. R. Civ. P. 26(b), 33; FRE 401-404. Subject to and without waiving said objections, Defendant Dr. Shah responded that he did not receive monetary bonuses from Wexford Health Sources, Inc.

21. Plaintiff did not accurately transcribe Interrogatory #21 directed to Defendant Dr. Shah in his Motion to Compel [Doc. 83]. In Plaintiff's Interrogatory #21, he asked Defendant Dr.

Shah, "Is providing prednisone from 60 mg. to 20 mg. for two weeks to plaintiff for nasal polyp an appropriate treatment by Dr. Shah in 2018." In his Response to Plaintiff's Interrogatories, Defendant Dr. Shah objected as this Interrogatory, as phrased, is argumentative. It requires the adoption of an assumption, which is improper. Fed. R. Civ. P. 26(b)(1); FRE 401-404. Additionally, Defendant Dr. Shah objected as this Interrogatory is vague and overbroad as it is unclear whether Plaintiff is asking if it is appropriate to prescribe Prednisone 60mg or 20mg or to reduce the strength from 60mg to 20mg within two weeks. In Plaintiff's letter to Defendants, he clarified that he "is asking why is it an appropriate treatment by Dr. Shah in 2018 to give Plaintiff 60mg of prednisone (start) and reduce the strength to 50, 40, 30, 20 mgs of prednisone within 2 weeks." Defendant Dr. Shah again objects as this Interrogatory, as phrased, is argumentative. It requires the adoption of an assumption, which is improper. Fed. R. Civ. P. 26(b)(1); FRE 401-404. Once again, Plaintiff does not reference a particular instance in which Defendant Dr. Shah prescribed him such dosages of Prednisone. Subject to and without waiving said objections, on January 2, 2018, Defendant Dr. Shah noted that Plaintiff was wheezing and that his breathing treatment did not help completely. He prescribed Prednisone to taper from 60mg, 50mg, 40mg, 30mg, 20mg, 10mg, and 5mg each day and to hold his current Prednisone prescription while taking the Prednisone dose pack to treat Plaintiff's wheezing symptoms.

**Interrogatories Directed to Defendant Dr. Ritz**

1. In his Response to Plaintiff's Interrogatories, Defendant Dr. Ritz objected that Plaintiff seeks personal and private information that if disclosed could present safety and security concerns given the nature of the case. Additionally, information regarding Defendant Dr. Ritz's date of birth and marital status is not relevant to any party's claims or defenses. Fed. R. Civ. P. 26(b)(1); FRE 401-404.

3. In his Response to Plaintiff's Interrogatories, Defendant Dr. Ritz stated that he is not, and has never been, an employee of the IDOC. Plaintiff asked for Plaintiff's length of employment with Wexford Health Sources, Inc. and the titles and duties for each position for the last 20 years. Defendant Dr. Ritz responded that he was the Telemedicine and Utilization Management Director for the state of Pennsylvania from May 5, 2014 to August 31, 2014 and has been the Corporate Utilization Management Medical Director from September 1, 2014 to present. Pursuant to protective order [Doc. 82], Defendant Dr. Ritz produced the job description for Corporate Utilization Management Medical Director. Defendant Dr. Ritz was not employed by Wexford Health Sources, Inc. prior to May 5, 2014.

5. Plaintiff did not accurately transcribe Interrogatory #5 directed to Defendant Dr. Ritz in his Motion to Compel [Doc. 83]. In Plaintiff's Interrogatory #5 directed to Defendant Dr. Ritz, he asked, "How many Federal civil lawsuits have IDOC prisoners filed against you in regards to your employment with Wexford Health Source for any services provided for the IDOC?" In his Response to Plaintiff's Interrogatories, Defendant Dr. Ritz objected to this Interrogatory as overly broad, unduly burdensome, not appropriately limited in scope and time, irrelevant, risks confusing the jury, and prejudicial to the Defendant. Fed. R. Civ. P. 26(b), 33; FRE 401-404. Subject to and without waiving the aforementioned objections, Defendant Dr. Ritz responded that he has been named in lawsuits filed by Illinois Department of Corrections inmates alleging deliberate indifference.

6. In his Response to Plaintiff's Interrogatories, Defendant Dr. Ritz objected that Plaintiff seeks personal and private information that if disclosed could present safety and security concerns given the nature of the case. Subject to and without waiving said objection, Defendant responded that he specialized in family medicine. In addition, Defendant Dr. Ritz now states that

he graduated from the Chicago College of Osteopathic Medicine in 1993.

7. In his Response to Plaintiff's Interrogatories, Defendant Dr. Ritz instructed Plaintiff to *see* his answer to Interrogatory #3 and the job description of Corporate Utilization Management Medical Director provided to Plaintiff pursuant to protective order [Doc. 82]. Plaintiff requested Defendant Dr. Ritz's job duties as the Corporate Utilization Management Medical Director and Defendant Dr. Ritz directed Plaintiff to review his job description which includes his job duties.

13. Plaintiff did not accurately transcribe Interrogatory #13 directed to Defendant Dr. Ritz in his Motion to Compel [Doc. 83]. In Plaintiff's Interrogatory #13 directed to Defendant Dr. Ritz, he asked "In the Wexford's [sic] Health Source, Inc. contract with the IDOC, cost consideration is mentioned numerous time [sic] in regards to medical treatment for IDOC prisoners. Explain what cost consideration mean?" In his Response to Plaintiff's Interrogatories, Defendant Dr. Ritz objected to this Interrogatory as vague and unduly burdensome. Fed. R. Civ. P. 26(b); FRE 401-404. Additionally, he responded that the Wexford-IDOC contract is a very lengthy document that Defendant Dr. Ritz did not write or create.

18. Plaintiff did not accurately transcribe Interrogatory #18 directed to Defendant Dr. Ritz in his Motion to Compel [Doc. 83]. In Plaintiff's Interrogatory #18 directed to Dr. Ritz, he asked, "Please explain your medical expertise for treatment of nasal polyps: what if any does Wexford Health Source provide you to help determine when a nasal polyp condition requires an outside consultation." In his Response to Plaintiff's Interrogatories, Defendant Dr. Ritz objected to this Interrogatory as vague as to what Wexford Health Sources, Inc. provides Defendant Dr. Ritz to determine when a nasal polyp requires an outside consultation. Fed. R. Civ. P. 26(b); FRE 401-404. Subject to and without waiving said objection, Defendant Dr. Ritz responded that

he is a licensed physician and is qualified to treat nasal polyps based on his experience and education. In Defendant Wexford Health Sources, Inc.'s Supplemental Response to Plaintiff's Request for Production #6, it produced the 2016-2017 Utilization Management Guidelines section regarding Collegial Review pursuant to protective order [Doc. 82].

19. Plaintiff did not accurately transcribe Interrogatory #19 directed to Defendant Dr. Ritz in his Motion to Compel [Doc. 83]. In Plaintiff's Interrogatory #19 directed to Defendant Dr. Ritz, he asked, "Please explain how many IDOC prisoner [sic] a month can be sent to an outside consultation per Wexford's [sic] Health source, Inc. contract with the IDOC." In his Response to Plaintiff's Interrogatories, Defendant Dr. Ritz objected to this request because it is overbroad, unduly burdensome, not limited in scope or subject matter and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, and the amount in controversy. Fed. R. Civ. P. 26(b)(1), FRE 401-404. Subject to and without waiving said objections, Defendant Dr. Ritz responded that there is no contractual limit on the number of IDOC prisoners that can be sent for a consultation with an outside treater. Upon further review of the Wexford-IDOC Contact, there is a specific provision regarding the maximum number of patients that can be sent to the University of Illinois Medical Center at Chicago in a specific time frame. However, there is no contractual limit on the number of IDOC prisoners that can be sent for a consultation with an outside treater besides at this particular Medical Center.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel [Doc. 83] and for such other relief as deemed just and appropriate.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Alison J. Matusofsky
One of the Attorneys for Defendants, VIPIN SHAH, M.D., STEPHEN RITZ, D.O., and WEXFORD HEALTH SOURCES, INC.

Alison J. Matusofsky
MO Bar No. 71064
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
amatusofsky@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2019, I electronically filed the foregoing Defendants' Response to Plaintiff's Motion to Compel with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Jeanine Armstrong
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea IL 62226
Phone: (618) 236-8781
Fax: (618) 236-8620
jarmstrong@atg.state.il.us

and I hereby certify that a true and correct copy of the foregoing Defendants' Response to Plaintiff's Motion to Compel was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in St. Louis, Missouri, with proper postage prepaid, before the hour of 5:00 p.m., on July 17, 2019. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

LEGAL MAIL
Tiberius Mays, #N92625
GRAHAM CORRECTIONAL CENTER
12078 IL Rt. 185
Hillsboro IL 62049

/s/ Alison J. Matusofsky

9212148 AMATUSOF;AMATUSOF