IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIBERIUS MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-597-NJR-RJD |
| | ) | |
| VIPIN SHAH, DR. RITZ, PHILIP MARTIN, | ) | |
| RYAN ERICKSON, WEXFORD HEALTH | ) | |
| SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Compel (Doc. 83) filed against Defendants Vipin Shah and Stephen Ritz. Defendants Shah, Ritz, and Wexford filed a Response (Doc. 86). Defendants assert Plaintiff did not, in good faith, confer with Defendants prior to filing the Motion to Compel. Defendants also assert Plaintiff inaccurately transcribed the Interrogatories he sent to Defendants Shah and Ritz in his Motion to Compel.

Plaintiff is proceeding in this case on four counts: three Eighth Amendment deliberate indifference claims and one First Amendment retaliation claim. The Court reviews each of Plaintiff's Interrogatories (as set forth in his Motion to Compel) and Defendants' responses thereto, as set forth below:

*Directed to Defendant Vipin Shah*

**Interrogatory #1:** Please state the date of birth and marital status for Vipin Shah, M.D.

**Response:** Dr. Shah objected that Plaintiff seeks personal and private information that if disclosed could present safety and security concerns given the nature of the case. Additionally, information regarding Shah's date of birth and marital status is not relevant to any claim or defense.

**Ruling:** The Court finds this request is irrelevant and not proportional to the needs of the case. Plaintiff's request to compel any further response to this request is **DENIED**.

**Interrogatory # 2:** Please state any occupation you have had within the last twenty (20) years for Vipin Shah, M.D.

**Response:** Defendant Shah objected that Plaintiff seeks personal and private information that if disclosed could present safety and security concerns given the nature of the case. Subject to and without waiving the objection, Defendant Shah responded that he has been employed as the Medical Director at Robinson Correctional Center from January 5, 2016 to present. Defendant Shah asserts his employment history from 1999 to January 4, 2016 is not relevant to any party's claims or defenses.

**Ruling**: The Court finds this request, as written, is not proportional to the needs of the case. However, Defendant Shah is **ORDERED** to supplement his response to this Interrogatory to provide Plaintiff the length of time he has been licensed to practice medicine.

**Interrogatory #3:** Please describe the following regarding your employment with Wexford Health Sources and/or Illinois Department of Corrections: (b) length of employment, (c) provide titles and duties for each position, dates, and timeframe for each position held within last twenty (20) years for Vipin Shah.

**Response:** Defendant Shah asserts Plaintiff did not accurately transcribe Interrogatory #3 in his Motion. The Interrogatory #3 sent to Defendant Shah stated, "Please descrobe [sic] the following regarding your employment within the Illinois Department of Corrections, hereafter IDOC: (a) Current employment status with the IDOC; (b) Length of employment; and (c) Provide the title and duties for each position, dates and timeframe each position was held for last 20 years."

Defendant Shah states that he is not currently, and has never been, employed by the Illinois Department of Corrections. Shah asserts, as discovery closed on July 5, 2019, it is improper for Plaintiff to alter this question to Shah. Shah argues he answered Plaintiff's original question as written.

**Ruling:** The Court finds this request, as written, is not proportional to the needs of the case. However, Defendant Shah, if he has not done so, is **ORDERED** to supplement his response to provide the job description for his position within the relevant time frame.

**Interrogatory #5**: How many Federal civil lawsuits have IDOC prisoners filed again Vipin Shah during your entire time [as] a doctor in the IDOC?

**Response:** Shah objected to this interrogatory as overly broad, unduly burdensome, not appropriately limited in scope and time, irrelevant, risks confusing the jury, and prejudicial

to the Defendant. Subject to and without waiving objections, Shah responded that he has been named in lawsuits filed by IDOC inmates alleging deliberate indifference.

**Ruling:** The Court finds this request is irrelevant and not proportional to the needs of the case. Plaintiff's request to compel any further response to this request is **DENIED**.

**Interrogatory #12**: Did you receive monetary bonus from Wexford Health Source (Wexford) in 2016, 2017, 2018, and if so, how much?

**Response**: Shah objected to this interrogatory as overly broad, unduly burdensome, not appropriately limited in scope and time, irrelevant, risks confusing the jury, and prejudicial to the Defendant. Subject to and without waiving said objections, Shah responded that he did not receive monetary bonuses from Wexford Health Sources, Inc.

**Ruling:** The Court finds Defendant Shah sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

**Interrogatory #21:** Is providing Prednisone by Dr. Shah from 60 mg starting then 50, 40, 30 to 20 for two weeks an appropriate treatment for nasal polyps (high Prednisone made Plaintiff shaky).

**Response:** Plaintiff did not accurately transcribe Interrogatory #21 directed to Shah in his Motion. Plaintiff's Interrogatory #21 asked Shah, "Is providing prednisone from 60 mg to 20 mg for two weeks to Plaintiff for nasal polyp an appropriate treatment by Dr. Shah in 2018."

Shah objected to this Interrogatory, as phrased, arguing it is argumentative and requires the adoption of an assumption which is improper. Additionally, Shah objected as the Interrogatory is vague and overbroad and it is unclear whether Plaintiff is asking if it is appropriate to prescribe Prednisone 60 mg or 20 mg or to reduce the strength from 60 mg to 20 mg within two weeks.

As phrased in the Motion to Compel, Defendant Shah again objects as the Interrogatory, as phrased, is argumentative. It requires the adoption of an assumption which is improper. Plaintiff does not reference a particular instance in which Shah prescribed him such dosages. Subject to and without waiving said objections, on January 2, 2018, Shah noted Plaintiff was wheezing and that his breathing treatment did not help completely. He prescribed Prednisone to taper from 60 mg, 50 mg, 40 mg, 30 mg, 20 mg, 10 mg, and 5 mg each day and to hold his current Prednisone prescription while taking the Prednisone dose pack to treat Plaintiff's wheezing symptoms.

**Ruling:** The Court finds Defendants sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

*Directed to Defendant Stephen Ritz, D.O.*

**Interrogatory #1**: Please state date of birth and marital status.

**Response:** Dr. Ritz objected that Plaintiff seeks personal and private information that if disclosed could present safety and security concerns given the nature of the case. Additionally, information regarding Ritz's date or birth and marital status is not relevant to any claim or defense.

**Ruling:** The Court finds this request is irrelevant and not proportional to the needs of the case. Plaintiff's request to compel any further response to this request is **DENIED**.

**Interrogatory #3:** Please provide the titles and duties for each job position, dates and timeframe for each position held by Dr. Ritz from 1999 to 2014 (gave 2014 to 2019), ask[ed] for 20 years.

**Response**: Dr. Ritz stated that he is not, and has never been, an employee of the IDOC. Ritz further responded that he was the Telemedicine and Utilization Management Director for the state of Pennsylvania from May 5, 2014 to August 31, 2014, and has been the Corporate Utilization Management Medical Director from September 1, 2014 to present. Pursuant to protective order, Ritz produced the job description for Corporate Utilization Management Medical Director. Ritz was not employed by Wexford prior to May 5, 2014.

**Ruling**: The Court finds Defendant Ritz sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

**Interrogatory #5**: Please provide the amount of federal civil law suits filed against Dr. Ritz by IDOC prisoners for medical reasons.

**Response:** Plaintiff did not accurately transcribe Interrogatory #5 directed to Ritz in his Motion. Plaintiff's Interrogatory #5 asked, "How many Federal civil lawsuits have IDOC prisoners filed against you in regards to your employment with Wexford Health Source for any services provided for the IDOC?"

Ritz objected to this interrogatory as overly broad, unduly burdensome, not appropriately limited in scope and time, irrelevant, risks confusing the jury, and prejudicial to the Defendant. Subject to and without waiving objections, Ritz responded that he has been named in lawsuits filed by IDOC inmates alleging deliberate indifference.

**Ruling**: The Court finds this request is irrelevant and not proportional to the needs of the case. Plaintiff's request to compel any further response to this request is **DENIED**.

**Interrogatory #6**: What did you specialize in your medical school residency; where did you complete your medical school residency and what year residency for [sic] medical school complete.

**Response:** Ritz objected that Plaintiff seeks personal and private information that if disclosed could present safety and security concerns given the nature of the case. Subject to and without waiving said objection, Defendant responded that he specialized in family medicine. In addition, Ritz now states that he graduated from the Chicago College of Osteopathic Medicine in 1993.

**Ruling:** The Court finds Defendants sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

<u>**Interrogatory #7**</u>: Please describe in detail exactly what a Corporate Utilization Management Medical Director does.

**Response:** Ritz instructed Plaintiff to see his answer to Interrogatory #3 and the job description of Corporate Utilization Management Medical Director provided to Plaintiff pursuant to protective order.

**Ruling:** The Court finds Defendants sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

<u>**Interrogatory #13**</u>: In Wexford's contract and procedures/policies with the IDOC, explain what cost consideration means in details.

**Response:** Plaintiff did not accurately transcribe Interrogatory #13 directed to Ritz. Plaintiff's Interrogatory #13 asked, "In the Wexford's [sic] Health Source, Inc. contract with the DIOC, cost consideration is mentioned numerous time [sic] in regards to medical treatment for IDOC prisoners. Explain what cost consideration means?"

Ritz objected to this Interrogatory as vague and unduly burdensome. Additionally, he responded the Wexford-IDOC contract is a very lengthy document that Ritz did not write or create.

**Ruling:** Defendant Ritz is **ORDERED** to supplement the response to this Interrogatory and to provide Plaintiff an explanation of the term "cost consideration" as he interprets it in his practice.

<u>**Interrogatory #18**</u>: Please explain your medical expertise, name any and all Wexford's documents used for treatment of nasal polyps, and when outside consultation is necessary for nasal polyps.

**Response:** Plaintiff did not accurately transcribe Interrogatory #18 directed to Ritz. Plaintiff's Interrogatory #18 asked, "Please explain your medical expertise for treatment of nasal polyps: what if any does Wexford Health Source provide you to help determine when a nasal polyp condition requires an outside consultation."

Ritz objected to this Interrogatory as vague as to what Wexford provides Ritz to determine when a nasal polyp requires an outside consultation. Subject to and without waiving said objection, Ritz responded that he is a licensed physician and is qualified to treat nasal polyps based on his experience and education. In Defendant Wexford's Supplemental Response to Plaintiff's Request for Production #6, it produced 2016-2017 Utilization Management Guidelines section regarding Collegial Review pursuant to protective order.

**Ruling:** The Court finds Defendants sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

**Interrogatory #19:** Please explain how many IDOC prisoners per month can be sent to an outside consultation per Wexford's contract and policies.

**Response:** Plaintiff did not accurately transcribe Interrogatory #19 directed to Ritz. Plaintiff's Interrogatory #19 asked, "Please explain how many IDOC prisoner [sic] a month can be sent to an outside consultation per Wexford's [sic] Health Source Inc. contract with the IDOC."

Ritz objected to this request arguing it is overly broad, unduly burdensome, not limited in scope or subject matter and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. Subject to and without waiving said objections, Ritz responded that there is no contractual limit on the number of IDOC prisoners that can be sent for a consultation with an outside treater. Upon further review of the Wexford-IDOC contract, there is a specific provision regarding the maximum number of patients that can be sent to the University of Illinois Medical Center at Chicago in a specific time frame. However, there is no contractual limit on the number of IDOC prisoners that can be sent for a consultation with an outside treater besides that particular Medical Center.

**Ruling:** The Court finds Defendants sufficiently answered this interrogatory. Plaintiff's request to compel any further response to this request is **DENIED**.

Plaintiff's Motion (Doc. 83) is **GRANTED IN PART AND DENIED IN PART**. Defendant Shah is **ORDERED** to supplement his response to Interrogatories #2 and #3. Defendant Ritz is **ORDERED** to supplement his response to Interrogatory #13. Defendants are **DIRECTED** to supplement the responses within fourteen days.

**IT IS SO ORDERED.**

**DATED:** July 26, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**