IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIBERIUS MAYS, <br><br> Plaintiff, <br><br> v. <br><br> VIPIN SHAH, M.D., STEPHEN RITZ, D.O., PHILLIP MARTIN, RYAN ERICKSON, and WEXFORD HEALTH SOURCES, INC., <br><br> Defendants. | Case No. 18-cv-597-NJR-RJD |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on an Objection filed by Plaintiff Tiberius Mays ("Mays") regarding one of Magistrate Reona J. Daly's rulings. Specifically, Mays objects to Judge Daly's order denying his request to reopen discovery and retake his deposition (Doc. 99).

Mays, an Illinois Department of Corrections inmate, was incarcerated at Robinson Correctional Center ("Robinson") at the time he initiated this *pro se* action (Doc. 1). Mays proceeds on the following claims:

> **Count 1**: Eighth Amendment deliberate indifference claim against Shah and Ritz for denying and delaying treatment for Mays's nasal condition at Robinson during 2017;
>
> **Count 2**: Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for implementing policies and procedures that resulted in Mays being denied necessary medical care;
>
> **Count 3**: Eighth Amendment deliberate indifference claim against

>           Martin and Erickson for failing to intervene to ensure that Mays would be given adequate medical treatment at Robinson;

**Count 4**:    First Amendment retaliation claim against Shah, for prematurely terminating Mays's post-surgery medication and nasal rinses in January 2018 because Mays filed grievances against Shah.

(Doc. 46, p. 5).

On July 8, 2019, Mays filed a Motion to Compel asking the Court to compel Defendants Vipin Shah and Stephen Ritz to answer his interrogatories (Doc. 83). On July 17, 2019, Defendants filed a response in opposition to the Motion to Compel, arguing that Mays did not, in good faith, confer with Defendants Shah and Ritz prior to filing the Motion to Compel and that Mays inaccurately transcribed the Interrogatories he sent to them (Doc. 86). On July 26, 2019, Judge Daly granted in part and denied in part the Motion to Compel, ordering Defendant Shah to supplement his response to Interrogatories #2 and #3 and ordering Defendant Ritz to supplement his response to Interrogatory #13 (Doc. 87).

On July 29, 2019, Mays filed a Reply to the Motion to Compel, where he also requested a retake of his deposition (Doc. 93). He explained that he was deposed on June 19, 2019 and Wexford attorney Alison Matusofsky did not introduce herself to him until halfway through the deposition, both attorneys that deposed him (Alison Matusofsky and Jeanine Armstrong) failed to instruct him that he could object to any question (Doc. 93, p. 4). Thus, he asked Judge Daly to reopen discovery until December 12, 2019, and to allow him to retake his deposition (*Id.*). On July 30, 2019, Defendants filed a response in opposition to that request (Doc. 94).

On August 2, 2019, Judge Daly denied Mays's request to reopen discovery and to have his deposition retaken (Doc. 99). She reasoned that Mays failed to set forth sufficient justification for the request (*Id.*).

On August 21, 2019, Mays filed an Objection to that August 2, 2019 order, reiterating the same arguments he previously made (Doc. 107). On August 20, 2019, Defendants filed a Response in Opposition to that Objection (Doc. 108).

The Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). *See also* SDIL-LR 73.1(a). A decision is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). *See also Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike [the Court] as more than just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.").

Judge Daly denied Mays's request to reopen discovery and retake his deposition on the basis that he failed to set forth sufficient justification for doing so (Doc. 99). In his appeal of this order, Mays argues that Alison Matusofsky never stated who she was for the record and neither Alison Matusofsky nor Jeanine Armstrong instructed him at the beginning of the deposition that he could object to any question (Doc. 107, p. 2). Defendants respond that these are the same arguments Mays made previously to Judge Daly. They further argue that defense counsel had no duty to provide legal advice to Mays and, in fact, defense counsel should not give legal advice to an unrepresented

person (Doc. 103).[1] Moreover, they argue that, if Mays is permitted to have another deposition taken, this would only add to the costs of the case and needlessly extend it (*Id.*).

The Court finds there is nothing clearly erroneous or contrary to law in Judge Daly's order denying the request to reopen discovery or retake Mays's deposition. Defense counsel were not required to instruct Mays that he could object to any question. Additionally, the Court notes that Mays is not a novice litigator; he has three cases pending in this district at the present time. In fact, he states in his objection that he has been previously informed on objecting at depositions (Doc. 107, p. 2). The Court finds that reopening discovery and ordering a retake of the deposition is unnecessary and would not be in the interest of judicial economy.

Thus, the objection filed by Mays (Doc. 107) is **OVERRULED**, and Judge Daly's August 2, 2019 order (Doc. 99) is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: November 20, 2019

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Defendants incorporate by reference the arguments they previously made in Docs. 94 and 104.